## No. 2694.—STATE v. R. DURBIN.

The charge of the judge to the jury, that "violence may be committed as well by actual unlawful force, as under pretense of rightful proceedings," could not mislead the jury, where no evidence was offered showing that the accused acted under legal authority in forcibly taking the money.

APPEAL from District Court, parish of East Baton Rouge. *Posey, J. M. A. Estevan,* District Attorney, for the State. *J. W. Burgess,* for defendant, appellant.

HOWELL, J. The defendant has appealed from a judgment sentencing him to seven years' imprisonment at hard labor for the crime of robbery.

State v. R. Durbin.

No briefs having been furnished, we are remitted to an examination of the record for any error authorizing an appeal.

*First*—There is a bill of exceptions taken to a part of the judge's charge, consisting of the following words: "Violence may be committed as well by actual unlawful force as under pretense of legal and rightful proceedings," which was objected to on the ground that said charge tended to mislead the jury.

It is stated in the bill of exceptions that actual violence was proven, and the judge also charged, at the request of the prisoner, "that unless the testimony shows that the defendant used violence toward the party charged to have been robbed or put in bodily fear, he can not be convicted of robbery." Under these circumstances, the words complained of, if legally objectionable in themselves, could have had little weight with the jury—there being no proof, as stated by the judge, that the accused represented to the party robbed that he was acting upon legal authority in taking the money.

*Second*—There is a motion in arrest of judgment based on the ground that the indictment is defective because it does not show that the grand jurors were impanneled, sworn, held their sessions and conducted their inquest in the parish of East Baton Rouge.

These objections, if they can be urged after the petit jury are sworn, are not well made, as the indictment declares that "the grand jurors of the State of Louisiana, good and lawful men of the parish of East Baton Rouge, duly impanneled and sworn, to inquire for the said parish, do present," etc., which is a substantial compliance with the requirements of the law in this respect.

Judgment affirmed.